**Vicenta LOPEZ–BOBADILLA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72102.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 3, 2013.

Vicenta Lopez–Bobadilla, Los Angels, CA, pro se.

Edward C. Durant, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Vicenta Lopez–Bobadilla, a native and citizen of Guatemala, petitions pro se for

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings based on ineffective assistance of counsel. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Lopez–Bobadilla's motion to reopen where she failed to establish prejudice arising from any alleged ineffective assistance by her former representatives. *See id.* at 793–94 ("[P]rejudice results when the performance of counsel was so inadequate that it *may* have affected the outcome of the proceedings." (emphasis in original) (internal quotation marks omitted)).

Lopez–Bobadilla's due process claims therefore fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and substantial prejudice to prevail on due process claim).

We reject Lopez–Bobadilla's remaining contentions.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.